(83 Misc. Rep. 25.)

HOTEZ v. INTERNATIONAL MERCANTILE MARINE CO.

(Supreme Court, Appellate Term, First Department. December 4, 1913.)

1. MASTER AND SERVANT (§ 200*)—SHIPPING—INJURIES TO SEAMEN—FELLOW SERVANTS—MEMBERS OF CREW.
    At common law all members of a vessel's crew except the master are fellow servants, for whose negligent or tortious acts toward each other the owner of the vessel was not liable.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 492; Dec. Dig. § 200.*]

2. MASTER AND SERVANT (§§ 86, 160*)—INJURIES TO SEAMEN—EMPLOYERS' LIABILITY ACT.
    The New York Employers' Liability Act (Consol. Laws 1909, c. 31, §§ 200–204) has no application to torts committed without the state, and hence did not apply to an alleged injury to a coal passer on a transatlantic steamship owned by defendant, a New Jersey corporation, due to the act of the third assistant engineer in compelling plaintiff to work while he was physically unable to do so.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 137, 326; Dec. Dig. §§ 86, 160.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Hotez against the International Mercantile Marine Company. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Burlingham, Montgomery & Beecher, of New York City (Ray Rood Allen, of New York City, of counsel), for appellant.

Abraham B. Brenner, of New York City (Charles S. Rosenthal, of New York City, of counsel), for respondent.

GUY, J. The plaintiff, who was employed as a coal passer on a transatlantic liner owned by the defendant, a New Jersey corporation, sues to recover damages for injuries alleged to be due to the negligence of the defendant in compelling plaintiff to work while in unfit physical condition by reason of his hands being severely blistered and infected, in failing to furnish plaintiff with proper medical attendance while in said disabled physical condition, in failing to furnish a sufficient number of coal passers to do the necessary work on said vessel, by reason of which plaintiff alleges he was required to work overtime when in such unfit physical condition, and in failing to properly instruct plaintiff in the performance of his duties.

There is no sufficient evidence to sustain the allegations as to lack of proper medical care, failure to properly instruct plaintiff in his duties, or failure to supply a sufficient number of coal passers. Plaintiff was registered as a seaman, presumptively familiar with the ordinary duties of a seaman, and there is no evidence that there was anything unusual, intricate, or inherently dangerous in the character of duties plaintiff was required to perform, which would call for special instruction on the part of the defendant. There is evidence that the defendant's officer, the third assistant engineer, compelled plaintiff, by the use of physical force, to continue working when his hands were blistered and infected. It is doubtful whether the evidence is sufficient to constitute a cause of action against the defendant under maritime law. It certainly does not furnish a legal basis for an action in negligence brought in a Municipal Court. This action was tried solely on the ground of negligence; the court charging the jury that plaintiff could not recover for the negligence of any fellow servant, but that he could recover for negligence of an officer in authority, and refusing to charge, at defendant's request, that the third assistant engineer was not in authority over the plaintiff and was a fellow servant.

[1, 2] Under the common law it is well settled that all members of a vessel's crew, except the master, are deemed to be fellow servants, for whose negligent or tortious acts toward each other the owner of the vessel cannot be held liable. See Gabrielson v. Waydell, 135 N. Y. 1, 7–14, 31 N. E. 969, 17 L. R. A. 228, 31 Am. St. Rep. 793; Scarff v. Metcalf, 107 N. Y. 216, 13 N. E. 796, 1 Am. St. Rep. 807. Unless, therefore, the Employers' Liability Act of this state is applicable, plaintiff has failed to make out a cause of action. Notice was served under

the Employers' Liability Act; but, so far as the record discloses, the action does not come within the purview of that act. This statute, regulating the conditions under which labor may be performed within the state and the obligations of employers in connection therewith, has no applicability to torts committed without the state; our Legislature having no extraterritorial jurisdiction.

Plaintiff having failed to make out a cause of action, either at common law or under the Employers' Liability Act, the judgment must be reversed, with costs, and the complaint dismissed, with costs. All concur.